I'll hear the last case on the calendar. United States v. Burrell. Good morning. May it please the court, my name is Thomas Nooter and I am representing the appellant and with me is my associate Wade Gurman. This is a case where under the sentencing reform laws and the changes to the guidelines, specifically amendment 782, Mr. Burrell who was sentenced back in the year 2000 at a time when the guidelines were kicking in, certain guideline levels, guideline points were much different in terms of the weight of drugs involved in the case. Isn't the amount that the judge that was found at the time that he was convicted and sentenced the first time too high for you to receive any benefit from these amendments? No. What I'm saying is the amount has to be, the matter has to be referred back to the district court for that amount to be determined. Unfortunately, Judge Nickerson has passed away. 1.54 kilograms was the conservative estimate at the time. It was the government's estimate, but Judge Nickerson specifically said that he was not making a finding of how much over one and a half kilograms the weight might be and that's in appendix 50 when he specifically... He did on his statement of reasons form check off the box saying he was adopting the factual findings in the pre-sentence report. The pre-sentence report said the 61.54 and in the colloquy that you cite, while he did not say, I find it was 61.54, he said, well, we're well over 1.5 and then went on. It could be 10 times, 15 times or whatever over. Why isn't that combination enough to satisfy the eligibility determination that the district court made? Well, I think you have to consider them separately. The marking of the box, which wasn't even part of the judgment, it was part of the statement of reasons where the only two options were, I find that the pre-sentence report is correct and I find the pre-sentence is correct except that I make a following departure. It was a pro... I think a pro forma thing. Judge Nickerson did not say during the sentence that he was making that finding. Moreover, the case law is quite clear that he's supposed to, number one, to make the specific finding under the Molina and I think it's the Maturo case. Secondly, it's only reasonable to rely on the pre-sentence report if the pre-sentence report has made the finding based on something they themselves did. In the various amendments that were given to the court below, Judge Deary, whom I like very, very much, but the probation report disclaimed any information about it. They just said, this is the number the government gave us and that's all we're relying on. The government detailed its reasoning, explained how it got to the number and it, as I recall, it took half of what it could have argued. But it still wasn't litigated. We didn't have to litigate it. Back in 2000, it was me doing it. We didn't have to litigate any number over 1.5 kilograms. The judge said it specifically when I was arguing. He said, I only care about over 1.5 kilograms. If he had said, on the record, I adopt the findings set forth in the pre-sentence report, that would be the end of it, right? If he had said that? It might be the end of it, except that if he said that, I might have argued that's not sufficient because the pre-sentence report is simply relying on... Back then, it wasn't... ...to decide issues that aren't before them. But you did make a number of arguments. The district court rejected the arguments. It certainly implicitly found something way above 1.5. The question is how much above, but then it adds the clarification in the statement of reasons. Why isn't that sufficient? The thing is, I really don't think he... Specifically, when he said it could be 10 times, it could be 15 times the 1.5 level, both numbers of which are below the current necessary number of 25.2 kilograms. It may have been somewhat rhetorical, but he was declining to make any finding in those numbers. None of us had any reason to believe there was a need for it because we couldn't anticipate the change in the guidelines. Just checking off that he's adopting the pre-sentence report, I don't think means necessarily adopting every detail, as I argue in the reply brief, for example. It gives two different dates of birth. For my client, I'm sure he wasn't adopting both dates of birth. I think it meant that he was adopting, in general, the guidelines calculation because he did find that it was over 1.5 kilograms. I made arguments about why it could be lower than 1.5, which show that there are arguments to be made. In other words, the individual inquiry that could be made based on the trial transcript, we declined to go any further once he said that if there's no use, it's clearly at least 1.5, and that's all I have to find. What's our standard of review of the district court's determination here? It's clear error, I think, on the factual. It was clearly wrong. Right, but I'm not saying he's wrong. I'm saying he didn't make a decision at all. In other words, well, unless you're saying Judge Deary was clearly wrong. Yes. I think he's clearly wrong. Why isn't it abuse of discretion? Because it's a sentencing reduction case. Generally, the standard of review for sentencing reduction is abuse of discretion. Did Judge Deary abuse his discretion in concluding that on this record, the sentencing court concluded that it was 60 grams? I can't say that I agree that that's the standard, but if it were the standard, I would say it is an abuse for this reason. It's a little bizarre that under the Dillon approach to these resentence issues, you first have to meet this threshold of saying that something was wrong with the quantity calculation, and then you not only get a new guideline, which in this case would change it from life to 30 years to life, which is still very high, but you also get to go into the things, the post-Booker aspect of looking at the other factors in the sentencing statute and fix a sentence outside of the guideline. Judge Nickerson did not have that opportunity. It wasn't available to him then. A 3582 motion, doesn't Dillon say that it's not a resentencing wholesale that we're just looking at energy? No, I think that's right, but I think it does say that you still, once you've hit that threshold so that you come back for the resentencing, the court, I believe, can consider things like what's happened since the person's been incarcerated, as well as the other 3553 factors that now is available for sentencing. But even if it weren't available, just the change from life to 30 years to life is a major, major change. And to say that this person is finished with his option to have any consideration under the changes that have occurred in our view of how the crack cocaine calculation should be handled, based on what at least is ambiguous statements by Judge Nickerson, and made at a time when he did not have to find that there was 25.2 kilograms, he only had to find there was 1.5, I think is essentially an abuse of discretion to refuse to do it, and I think is an appropriate thing. Obviously, if Judge Nickerson were alive, we wouldn't be here because the motion would have gone to him, and he would have either said, no, I meant it was 67 point whatever, or he'd say, okay, let's hear the argument about it. We're in this odd position because he's passed away and another judge has to try to review what was said at the time, but what was said at the time was not a decision that gets us to 25.2. Let's hear from the government. Thank you. Thank you. May it please the Court? My name is Michael Robati, and I represent the United States in this case. The question on this appeal is whether the defendant is eligible for a sentencing reduction under Amendment 782 to the guidelines. The district court concluded that the defendant was not eligible for such a reduction, and this court should affirm that decision for two reasons. First, the district court made a weight determination at the time of sentencing. The district court concluded that the defendant was responsible for 61.54 kilograms of crack cocaine. Based solely on the statement of reasons, or is there something else in the record to support that? Your Honor, I think it would be based on the sentencing court's rejection after extensive argument about whether the PSR made an appropriate weight determination and whether the government's weight calculations were correct. There was an extensive colloquy at the time of sentencing. What do you do with the statement that maybe 10 times, maybe 15 times? Yes, Your Honor, I think when that statement is read in context,  what's happening there is defense counsel is making an argument that this was a much smaller organization than the government had said it was. And the court in response says, okay, let's not accept for the sake of argument the government's calculation that it's 40 times the threshold of 1.5 kilograms. Let's say for the sake of argument that's 15 or 20 kilograms. You still don't get there in this case. That's all he was saying. It wasn't a factual determination by the district court. He was making an assumption for the sake of argument there. Now, defense counsel said during his argument that the court specifically declined to make a factual determination at the time of sentencing. When you look at the sentencing record, that is just not accurate. The district court did say that the technical issue here was whether or not it met the 1.5-kilogram crack cocaine guideline. But the district court never said that he wasn't going to make a factual determination to see if the defendant's weight determination was beyond that threshold. In fact, I would submit to this court that the best way to determine if something meets a threshold is to make an actual determination about what the weight quantity was. What's the best evidence of that determination, that it was 61.75 or whatever? 61.54, Your Honor. The best evidence that the court made a determination. The court made that determination. Yes, Your Honor. That that was the amount. Your Honor, I think the best evidence in this case is the written statement of reasons here. That's the checkbox. That's the checkbox. I adopt the PSR or I don't. That's correct, Your Honor. I think that's the clearest statement, but I think that determination is entirely consistent with what happened at the sentencing proceeding. The sentencing proceeding was the defense counsel challenging the weight determination of the PSR and the court rejecting that challenge. Then he clarified in the statement of reasons, which is the purpose of the statement of reasons, is to clarify what happened at sentencing on the record. He clarified in the statement of reasons that he was explicitly adopting the factual determinations in the PSR. Now, to credit the defense counsel's argument here, you have to assume that the court made a mistake. Made a mistake in the written judgment in this case, which I would submit is one of the most important documents that a court signs and files. But why, you know, if all that was relevant for sentencing purposes was whether it was 1.5 kilos or not, why would the district court go to a level of precision that the statement of reasons form doesn't call for? It just says, yes, I generally accept the PSR, which is very lengthy and very detailed. But, you know, could he have amended the statement of reasons to say, but I find it was only 30 kilograms? He could have, Your Honor, and I would point this court to the Miles decision, which was a 2013 decision on a 3582 motion related to the defendant's co-defendant, Miss Miles, who was a manager in his organization. In that opinion, the court not only addressed this precise issue, but also noted that the district court did amend the statement of reasons in that case. So this shows that the district court does, in fact, know how to amend the statement of reason when it wants to. What I'm specifically citing to is at page 52 in that case, the court notes that the statement of reasons there said that the court adopted the factual findings in the pre-sentence report, but finds that the appropriate addition for the rule adjustment is 2 rather than 4, which indicates that the district court did, in fact, in this very case, know how to amend the statement of reasons if it wanted to, to state that it was doing something different than the PSR. The district court did not do that in Stanley Burrell's case. The district court checked that box because he meant to adopt the factual determinations, including the weight finding, in the PSR. He also never said, I reject any of the findings on the record. That's correct, Your Honor. And, in fact, I would submit that when you review the sentencing minutes here, it shows that the district court is rejecting any challenge to the weight determination after an extended colloquy. And as we're talking about the Miles decision, I would also point out that this precise issue was addressed in the Miles decision in 2013. That was a challenge that Ms. Miles made on the 3582 motion, saying that she was entitled or eligible for a sentencing reduction because the district court did not make a specific factual determination at the time of sentencing. This court rejected that decision, rejected that argument. The court specifically said that because Judge Nickerson, at the time of sentencing, adopted the base offense level of 38 in the PSR, and because Judge Nickerson adopted in his statement of reasons the PSR's factual findings, that the court had made a factual determination that 61.54 kilograms of crack cocaine was what the defendant was responsible for. I'd like to briefly turn to another argument that the defendant has made in his appellate brief, which is that the reasons set forth in the PSR are insufficient to support this factual determination. I would submit to this court two points on that. First, because that argument was not raised on direct appeal, it is forfeited in this proceeding. There's a recent decision in the United States versus Mejia-Gonzalez, a summary order that came out just a few weeks ago in October, that indicates that where an argument could have been raised on direct appeal, but was raised for the first time on a 3582 proceeding, that argument is forfeited. But at a minimum, the defendant's going to have to meet the plain error standard in this case, and I don't think the defendant can do that. It's very clear, based on the PSR, what the basis was here for this determination. The PSR states that this drug organization operated for 24 hours a day for a period of seven years, selling multiple vials of crack cocaine during that time period. Was this all brought out at the trial, too? Yes, Your Honor. And the same judge who's heard the trial and sentenced the defendant? Yes, Your Honor. The point I was making there is that we have a basis in the PSR. The government, in its sentencing submission, sets forth an extended basis for the weight determination. At sentencing, the district court, in fact, cites to the record in saying that he adopts or cites the record evidence with respect to saying that the weight threshold is met here. And when he's referring to the record evidence, he's, in fact, referring to the trial that he sat through as the district court judge, which included the cooperating witness testimony about this organization and the amount and quantity of crack cocaine that this organization sold, as well as the duration as well. I think there was some extrapolation here based on the cooperating witness's testimony. I think the testimony dealt with a several-year time period, and the government extrapolated based on that testimony about how much was sold during the time period. But there was evidence that this was a seven-year-long drug trafficking organization that was selling crack cocaine every day, hundreds and hundreds of vials of crack cocaine every day. So when Judge Nickerson cited to the record evidence when he discussed the PSR, it's abundantly clear what he was relying on when he was making the weight determination in this case and adopting the PSR. So unless there are additional questions, for the foregoing reasons, the government requests that this court affirm the decision of the district court. Thank you. We'll hear from Mr. Nutter. Mr. Nutter? First of all, I don't think the Miles case is controlling here, even though it was a related case. First of all, at the time of its consideration, I think the level that needed to be met was 8.4 kilograms, not 25.2. But secondly, the finding is individualized. Even though you're talking about a conspiracy, it's the foreseeable amount of any individual participant in the conspiracy. And one of the arguments that I started to make, and I'll get to why I started at the actual sentencing, was that Mr. Burrell's rule did not span the entire seven years. This was an entire extrapolation. The whole calculation was an extrapolation based on an estimate given by one witness. That in itself, I think, has come under some criticism by this court over the years. But since it's an individualized determination, I think we should not be looking at whatever Judge Nickerson said in the Miles case, because that referred to Ms. Miles' situation and not to Stanley Burrell's situation. Although that does demonstrate that the judge was aware of his opportunity to modify a statement about the PSR in relevant respects. I agree with that. But again, the whole point that Judge Nickerson was so clear in the sentencing that all he needed to find was 1.5 kilograms, and we really didn't need to argue anything more because if it was 10 times or 15 times, it wouldn't make any difference. It affects the way all of us acted. If I had known that I was dealing with a 25.2, I might have taken a direct appeal on something where it was clear that the 1.5 was clearly met. I just suggest that when the judge did not have to make a decision of more than 1.5, and when it really seems, based on the words he used, that he was declining to do so and he didn't really want to hear more argument on some number that might end up lower than the government's number but higher than 1.5 because it wasn't relevant, it wasn't relevant. And that affects the way people act. That's why courts decline to make rulings on things that they don't have to make a ruling on because they may not be litigated by the parties if they're not necessary. And I really think basic fairness suggests that this should be sent back to Judge Deary to let him review the trial record and any other evidence that the defense and the prosecution want to put in and just make the finding. It's not that complicated. But it's just declining to make the finding based on the ambiguous situation left by Judge Nickerson at a time when the finding was not necessary seems not to be basic justice. Thank you. We'll reserve decision. The final two cases are on submission. I'll ask the clerk to adjourn. Court is adjourned.